**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Timothy D. Moratzka,                                                                  Civil No. 05-809 (DWF)

            Appellant,

v.                                                                                                 **AMENDED MEMORANDUM**
                                                                                     **OPINION AND ORDER**

Senior Cottages of America, LLC,
Morris, Carlson, Hoelscher, P.A.,
and Richard Morris,

            Appellees.

---

Andrew P. Moratzka, Esq., and Timothy D. Moratzka, Esq., Mackall Crounse & Moore, PLC, counsel for Appellant Timothy D. Moratzka.

Charles E. Lundberg, Esq., Bassford Remele, PA; and Thomas F. Miller, Esq., Thomas F. Miller, PA, counsel for Appellee Senior Cottages of America, LLC.; David A. Turner, Esq., Bassford Remele, PA, counsel for Appellees Morris, Carlson, Hoelscher, P.A., and Richard Morris.

---

**Introduction**

      The above-entitled matter came before the undersigned United States District Judge on July 15, 2005, pursuant to the appeal of Appellant Timothy D. Moratzka ("Trustee"), appointed bankruptcy trustee for the estates of Senior Cottages of America, LLC, and Senior Cottage Management, LLC (collectively "Debtor"). Trustee appeals from the March 15, 2005, Order of United States Bankruptcy Judge Gregory F. Kishel in the proceeding captioned *In Re: Senior Cottages of America, LLC,* Adv. No. 03-3132. Trustee appeals to this Court to restore the causes of action brought against Appellees

Richard Morris and Morris, Carlson, Hoelscher, P.A. (collectively "the Appellees"), that were dismissed by the bankruptcy court. Appellees oppose this motion in all respects.

## Background

### A.     Statement of the Facts

Debtor was organized and operating prior to 1996 to develop, build, and manage senior housing projects qualified under Section 42 of the Internal Revenue Code. Debtor was formed by DKM II ("DKM"), an Iowa corporation, and Roger Peterson ("Peterson") in partnership with others. In 1997, Murray Klane ("Klane") acquired a 19% interest in Debtor. At that time, Debtor was owned 51% by DKM, 30% by Intercapital Group, Inc. ("Intercapital"), and 19% by Klane.

In April 1998, Klane, DKM, and Intercapital reached an agreement that redistributed ownership interests in Debtor and restructured management. Pursuant to the agreement, Klane's ownership interest increased to 60%, DKM's ownership interest decreased to 25%, and Intercapital's ownership interest decreased to 15%. Klane and Peterson were given the right to manage the enterprise. Appellees were attorneys for Klane and Debtor.

The senior housing projects created low income housing tax credits that can be sold to reduce the tax liability of the buyer or owner. These tax credits are transferrable. By 1998, Debtor was operating at or near insolvency. Klane and Appellees knew of Debtor's financial difficulties and did not want to lose the tax credits through the bankruptcy process. Thus, Klane, with the assistance of Appellees, created Millenium Properties, LLC ("Millennium"). In August or September 1998, Debtor transferred all of its assets to Millenium. The purported consideration for the transfer was that

Millenium would assume Debtor's secured debt. Trustee contends the value of the tax credits was not less than $4.8 million.

### B.     Procedural History

Trustee filed an Adversary Complaint ("the Complaint") against Appellees alleging "breach of duty of due care and negligence," "aiding and abetting a fraudulent transfer," and "equitable subordination." Appellees moved to dismiss the Complaint asserting that: (1) Trustee had failed to state a claim because the Complaint alleged injury only to third-parties; (2) a bankruptcy trustee lacks standing to recover damages for a debtor's creditors; and (3) Trustee failed to state a claim for "aiding and abetting a fraudulent transfer" because the Minnesota Fraudulent Transfer Act ("MFTA") did not create a private right of action against a lawyer that provided legal advice concerning a transaction that was later found to be fraudulent.

On February 18, 2005, the bankruptcy court issued an order ("the February 18, 2005, Order") dismissing Trustee's "breach of duty of due care and negligence" claim (which the court treated as a legal malpractice claim) and his "aiding and abetting a fraudulent transfer" claim. The bankruptcy court held that Trustee lacked standing to bring these claims because the claims were properly those of the creditors according to Eighth Circuit precedent. In addition, the bankruptcy court held that the legal malpractice claim was deficient because Trustee failed to allege "but for" causation. Finally, the bankruptcy court questioned in a footnote whether an allegation of injury to Debtor would have saved the claims because the doctrine of *in pari delicto* bars a bankruptcy trustee, as successor to a debtor corporation, from suing third-party wrongdoers where the corporation and the third-party wrongdoers worked together to defraud the corporation's creditors.

Trustee moved to amend his Complaint ("the Proposed Amended Complaint").  However, the bankruptcy court held that granting Trustee leave to amend would be futile because "the doctrine of *in pari delicto* would bar Debtor's malpractice or aiding and abetting claims against professionals . . . when the Debtor itself voluntarily executed the transfer of assets out of it and into these third-party entities."  (Transcript of Hearing, March 15, 2005, A101-102.)  After the Court had issued its ruling, Trustee attempted to make an argument regarding application of the *in pari delicto* doctrine.  The bankruptcy court rejected the argument as untimely.  Trustee now appeals.

## Discussion

**I.      Standard of Review**

In reviewing a bankruptcy court's judgment or order, a district court reviews findings of fact based on a clear error standard.  *In re MBA Poultry, L.L.C.,* 291 F.3d 528, 533 (8th Cir. 2002).  A district court reviews the bankruptcy court's conclusions of law *de novo.  Id.*

In deciding a motion to dismiss, the Court must assume all facts in the Complaint to be true and construe all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  The Court grants a motion to dismiss only if it is clear beyond any doubt that no relief could be granted under any set of facts consistent with the allegations in the Complaint.  *Id.*  The Court may grant a motion to dismiss on the basis of a dispositive issue of law.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The Court need not resolve all questions of law in a manner which favors the complainant; rather, the Court may dismiss a claim founded upon a legal theory which is "close but ultimately unavailing."  *Id.* at 327.

**II.     Standing**

Section 704 of the Bankruptcy Code outlines the duties of a trustee and requires the trustee to reduce to money the property of the estate. 11 U.S.C. § 704(1). The property of an estate includes "all legal or equitable interests *of the debtor* in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (emphasis added). In determining whether a claim is the property of the estate, courts have focused their inquiry on whether state law makes the claim that of the debtor or whether the claim runs directly to a creditor. *In re Ozark Rest. Equip. Co., Inc.,* 816 F.2d 1222, 1225 (8th Cir. 1987). A claim running directly to a creditor is not an asset of the estate. *Id.* at 1221. Therefore, a trustee lacks standing to bring such a claim. *See id.* at 1224.

When the bankruptcy court initially considered this issue, it held that Trustee's Complaint made allegations regarding damages to Debtor's creditors, but that Trustee failed to provide sufficient allegations of injury to Debtor. Further, the bankruptcy court held that the allegations in the Complaint clearly envisioned the bankruptcy estate "as no more than a vehicle for a recovery to benefit creditors for the losses they had incurred prior to the liquidation of Senior Cottages in bankruptcy." (A58.) Thus, the bankruptcy court held that Trustee lacked standing to bring these claims. Appellees essentially rely, and expand upon, the bankruptcy court's rationale for its ruling.

Trustee contends that the legal malpractice and aiding and abetting claims are properly his to bring on behalf of the estate. Trustee asserts that the Proposed Amended Complaint would state a *prima facie* case of legal malpractice against Appellees. Trustee also contends that the claims are properly those of Debtor because the creditors are unable to bring such claims. Trustee points to the fact that under Minnesota law an attorney is generally immune from liability from third-parties for

actions taken in the scope of the attorney-client relationship. *McDonald v. Stewart,* 182 N.W.2d 437, 440 (Minn. 1970). Since the creditors were never in a client relationship with Appellees, Trustee asserts that creditors will be unable to bring these claims.

After a review of the record, the Court finds that Trustee lacks standing to bring the legal malpractice and aiding and abetting claims against Appellees. As previously discussed, the Eighth Circuit has held that a trustee can only bring those claims that are "the property of the estate." *In re Ozark,* 816 F.2d at 1224 (citing 11 U.S.C. § 704(1)). Conversely, a trustee cannot bring a claim on behalf of the creditors of a debtor corporation. *Id.* In this case, Trustee's initial Complaint clearly stated that the action was directed at recovering funds on behalf of the creditors. As a result, the bankruptcy court promptly dismissed the Complaint.

Thereafter, Trustee moved to amend the Complaint to include allegations that Debtor was injured as a result of Appellee's actions, namely that Debtor was deprived of capital when Klane and Appellees transferred Debtor's assets to Millenium. Like the bankruptcy court, this Court finds the Proposed Amended Complaint's allegations to be insufficient. The Court finds that Trustee merely removed references to the creditors and re-cast the injuries set out in the initial Complaint as belonging to Debtor. Nowhere in the Proposed Amended Complaint is there an allegation that Debtor would have remained solvent absent the transfer. Ultimately, Trustee is unable to show that Debtor would act as anything other than a conduit of recovery for creditors under the Proposed Amended Complaint. Accordingly, the Court must dismiss Trustee's claims.

**Conclusion**

The Court's decision in this matter should not be viewed as an endorsement of the actions of Appellees as the transaction that created Millenium appears to be exactly what Trustee believes it to be. The Court also agrees with Trustee that Debtor or Debtor's creditors should have a forum to address their claims against Appellees. However, the Court is bound by precedent and the Eighth Circuit has consistently held that claims like those raised by Trustee are properly those of Debtor's creditors. Thus, the Court is bound to dismiss Trustee's action.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. The United States Bankruptcy Court's denial of Appellant Timothy D. Moratzka's Motion to Amend is **AFFIRMED**.

2. The United States Bankruptcy Court's grant of Appellees Richard Morris' and Morris, Carlson, Hoelscher, P.A.'s, Motion to Dismiss is **AFFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: August 18, 2005             s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   Judge of United States District Court